UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CURTIS JOHNSON, | : | Case No. 3:10-cv-402 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| | : | |
| Defendant. | : | |

**ORDER THAT PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 15) IS GRANTED AND PLAINTIFF IS AWARDED $2,200.90 IN FEES**

This case is a Social Security disability benefits appeal under which the Court reversed the non-disability finding of the Administrative Law Judge ("ALJ") below and remanded for additional administrative proceedings pursuant to Sentence Four of Section 405(g). Seeking to be compensated for the legal expenses incurred in obtaining the reversal and remand, Plaintiff has filed a fee petition (Doc. 15) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which is opposed by the Commissioner of Social Security ("Commissioner") (Doc. 16).

Plaintiff's fee request seeks payment for 12.75 hours of work, at an hourly rate of $172.62. (Doc. 15 at 1). Plaintiff does not seek an award for costs and expenses. The Commissioner opposes the reasonableness of the hourly rate that Plaintiff's attorney has

requested. (Doc. 16 at 1).[1]

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor... justifies a higher fee." 29 U.S.C. § 2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. *See* The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). Additionally, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. § 2412(d)(2)(A).

The Consumer Price Index ("CPI") is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in February 2012, was 227.663. *See* www.bls.gov/cpi. The common ratio of

---

[1] Defendant has not opposed that Plaintiff's counsel expended 12.75 hours, that Plaintiff is the prevailing party, that the Commissioner's position was not "substantially justified," or the accuracy/authenticity of the cost of living evidence provided.

change, then, is 1.46 (227.663 divided by 155.7 rounded to the nearest hundredth).

Applying this cost of living increase to the $125.00 statutory cap results in a current hourly rate of $182.50 ($125.00 x 1.46).  *See also Mullins v. Comm'r of Soc. Sec.*, 3:10cv404 (Feb., 27, 2012) (J. Rose).

Plaintiff seeks an award of $2,200.90.  When that figure is divided by the number of compensable hours (12.75), it results in an hourly fee of $172.62, which is within the EAJA's reasonable allowable fee.  Therefore, under the facts of this case, an EAJA fee of $2,200.90 is appropriate.[2]

Therefore, the EAJA fee petition filed by Plaintiff (Doc. 15) is **GRANTED** as set forth herein, and Plaintiff is **AWARDED** the sum of **$2,200.90** in fees.  This award satisfies Plaintiff's claims for fees, expenses, and costs under 28 U.S.C. § 2412.[3]

**IT IS SO ORDERED.**

Date:   3/29/12                                                       *s/ Timothy S. Black*
                                                                      Timothy S. Black
                                                                      United States District Judge

---

[2] The Court notes that Plaintiff seeks an award of fees for work performed from October 2010 through February 2012.  The CPI All Items Index during that time ranged between 1.39 (October 2010) and 1.46 (February 2012).  The average of the CIP All Items Index during the period for which Plaintiff seeks fees is 1.43.  The Court notes that applying a 1.43 CPI to the formula, EAJA the hourly rate would be $178.75, higher than the $172.62 per hour fee Plaintiff seeks.

[3] Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States.  *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).